IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARIAN C. WILLIAMS, § <br> TDCJ-CID NO. 918661, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> RICK THALER, Director, § <br> Texas Department of Criminal § <br> Justice, Correctional § <br> Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. H-11-0555 |

**MEMORANDUM OPINION AND ORDER**

Darian C. Williams, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) challenging his state court conviction for aggravated robbery. Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 18) arguing that Williams' petition is time-barred under 28 U.S.C. § 2244(d)(1)(A). For the reasons explained below, the court will grant Thaler's motion for summary judgment and dismiss Williams' petition for a writ of habeas corpus.

**I.   Factual and Procedural Background**

A grand jury indicted Williams for aggravated robbery on March 8, 1999.[1]  After the jury found Williams guilty and two

---

[1]*See* Indictment, *The State of Texas v. Darian C. Williams*, Cause No. 804055, included in State Court Records, Docket Entry No. 16-14, p. 13.

enhancement paragraphs to be true, the 185th District Court of Harris County, Texas, sentenced Williams to thirty years in prison on March 29, 2000.[2]

The Texas Court of Appeals for the Tenth District affirmed Williams' conviction on October 18, 2000.[3] It does not appear that Williams filed a Petition for Discretionary Review after the appellate court's judgment.[4] Williams filed a state habeas application on May 28, 2010,[5] which is still pending in the trial court.[6] On November 12, 2010, Williams filed an application for a writ of mandamus with the Texas Court of Criminal Appeals, which was denied on December 15, 2010.[7] Williams' Petition was signed on

---

[2] Id.; see also Jury Verdict on Sentencing, The State of Texas v. Darian C. Williams, Cause No. 804055, included in State Court Records, Docket Entry No. 16-23, p 3.

[3] Williams v. State, No. 10-00-235-CR (Tex. App.—Waco Oct. 18, 2000, no pet.) (not designated for publication), included in State Court Records, Docket Entry No. 16-1, p. 1.

[4] See Petition for a Writ of Habeas Corpus by a Person in State Custody ("Williams' Petition"), Docket Entry No. 1, p. 3 (In filling out his petition, Williams mistakenly answered question 9 regarding a Petition for Discretionary Review with the information relating to his Writ of Mandamus.).

[5] See Exhibit A to Respondent Thaler's Motion for Summary Judgment with Brief in Support ("Thaler's Motion"), Docket Entry No. 18, p. 1.

[6] See Exhibit B to Thaler's Motion, Docket Entry No. 18, p. 2.

[7] Application for Writ of Mandamus, Ex parte Darian C. Williams v. The State of Texas, Cause No. 804055-A, Docket Entry No. 16-24, pp. 2-3.

-2-

January 28, 2011, and was filed with this court on February 11, 2011.[8]

Williams asserts the following four grounds to support his habeas petition:

(1)  A violation of his right to due process.

(2)  A violation of his right to a fair trial.

(3)  A violation of his right to defend himself.

(4)  A violation of his equal protection rights.[9]

Respondent Thaler argues that Williams' habeas petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A), and requests that summary judgment be granted.[10]

## II.  Analysis

### A.  Applicable Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a statute of limitations for filing a Petition for a Writ of Habeas Corpus by a Person in State Custody. 28 U.S.C. § 2253; Lindh v. Murphy, 117 S. Ct. 2059, 2061 (1997). The relevant portion is codified in 28 U.S.C. § 2244(d)(1):

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

---

[8]Williams' Petition, Docket Entry No. 1, pp. 1, 7-8.

[9]Id. at 7-8.

[10]Thaler's Motion, Docket Entry No. 18, pp. 3-6.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1) (2009).

The AEDPA's limitations period can be tolled statutorily by a properly filed application for state post-conviction review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.  28 U.S.C. § 2244(d)(2) (2009).

**B.   Application of § 2244(d) to Williams' Petition**

Because petitioner does not claim any state-created impediment, base his petition on a newly recognized constitutional right, or bring forward evidence undiscoverable at the time of final judgment, subsections (B), (C), and (D) of § 2244(d) are not relevant to this action.  Williams' petition is therefore governed by § 2244(d)(1)(A), which provides that the limitations period begins to run from the "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time for seeking such review." Respondent argues that the one-year statute of limitations for Williams' federal habeas petition provided by § 2244(d)(1)(A) expired on November 17, 2001, and therefore the instant petition that Williams filed nearly ten years later is time-barred.

Williams' conviction was affirmed by the Texas Court of Appeals for the Tenth District on October 18, 2000.[11] When a petitioner chooses to file a Petition for Discretionary Review ("PDR") of the appellate court's judgment, the petitioner's conviction will become final ninety days after a judgment on the PDR is entered. Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). For a PDR to be effective, a criminal defendant must have filed it with the Texas Court of Criminal Appeals within thirty days after a Texas Court of Appeals' final action. TEX. R. APP. P. 68.2(a). The Fifth Circuit has held that when a petitioner chooses not to file a PDR, the one-year limitations period for federal habeas petitions begins when the thirty-day period for filing a PDR ends. Roberts v. Cockrell, 319 F.3d 690, 694-695 (5th Cir. 2003). Texas law computes the thirty-day period beginning with the day after the judgment is issued and includes the last day of the period. TEX. R. APP. P. 4.1(a). Since the record does not show

---

[11]Williams v. State, No. 10-00-235-CR (Tex. App.—Waco Oct. 18, 2000, no pet.) (not designated for publication), included in State Court Records, Docket Entry No. 16-1, p. 1.

that Williams filed a PDR,[12] his conviction became final on November 17, 2000, because the period for seeking direct review expired thirty days after October 18, 2000, when the Texas Court of Appeals affirmed his sentence. Therefore, the AEDPA's one-year limitations period began on November 17, 2000, and expired on November 17, 2001, absent statutory tolling.

The AEDPA does not permit statutory tolling of a state habeas application if it is filed after the limitations period has already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2002). Because Williams did not file his state habeas application until May 28, 2010,[13] over nine years after the AEDPA statute of limitations expired, the time that his state petition has been under review will not toll the limitations period. Williams' writ of mandamus does not entitle him to statutory tolling because a state court mandamus application that does not challenge the petitioner's original conviction will not toll the AEDPA time limitation. Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002). Williams' Writ of Mandamus did not seek review of his conviction, but instead sought an order to compel the trial court to rule on his state habeas petition.[14] Williams' writ is therefore not a

---

[12]In filling out his petition, Williams mistakenly answered question 9 regarding a Petition for Discretionary Review with the information relating to his Writ of Mandamus.

[13]See Exhibit A to Thaler's Motion, Docket Entry No. 18, p. 2.

[14]Application for Writ of Mandamus, Ex parte Darian C. Williams v. The State of Texas, Cause No. 804055-A, Docket Entry No. 16-24, pp. 2-3.

"properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" under the AEDPA and does not toll the limitations period.  28 U.S.C. § 2244(d)(2); see also Moore, 298 F.3d at 367.

Because Williams filed his federal habeas petition approximately nine years after the limitations period under § 2244(d)(1)(A) expired, and his petition is not subject to statutory tolling, Williams' petition is time-barred.

### C.  Equitable Tolling

Although Williams has not argued that equitable tolling should apply to his federal habeas petition, since Williams is pro se the court will consider whether equitable tolling could apply. Equitable tolling is permitted only in "rare and exceptional circumstances," Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), and a habeas petitioner bears the burden of showing that it is warranted.  Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'q, 223 F.3d 797 (2000) (per curiam).  It is the petitioner's burden to establish "(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007).

Williams has not demonstrated that he pursued his rights diligently or that extraordinary circumstances prevented him from

-7-

doing so. Although Williams filed a state habeas application and writ of mandamus in 2010,[15] he waited almost ten years after his conviction was affirmed by the Tenth Court of Appeals to file them. The years of inactivity between Williams' affirmed conviction and the state petitions demonstrate that Williams has not diligently pursued his rights. Furthermore, Williams has not indicated that there has been any extraordinary circumstance preventing him from timely filing his petition. In the absence of evidence of such circumstances, the court concludes that equitable tolling is not appropriate in this action.

### III. Certificate of Appealability

Petitioner Williams did not request a Certificate of Appealability ("COA") on the claims denied in this action. The court, however, may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA, Williams must substantially show a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 124 S. Ct. 2562, 2569 (2004). Denial of a constitutional right may have occurred when "reasonable jurists would find the assessment of the constitutional claims debatable or wrong." Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2004) (quoting Slack v. McDaniel, 120

---

[15]Application for Writ of Mandamus, Ex parte Darian C. Williams v. The State of Texas, Cause No. 804055-A, Docket Entry No. 16-24, pp. 2-3.

S. Ct. 1595, 1603 (2000)). Williams has not shown that reasonable jurists would find that a denial of a constitutional right has occurred or that the question is debatable. Therefore, the court will deny a COA.

## IV.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 18) is **GRANTED.**

2. Williams' Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED.**

3. Williams' Motion for Continuance (reconsideration) (Docket Entry No. 12) is **DENIED.**

4. Williams' Motion to Proceed (Docket Entry No. 14) is **DENIED.**

5. Williams' Motion to Proceed (Docket Entry No. 17) is **DENIED.**

6. Williams' Motion for Specific and Direct Objections to the Findings and the Mentioning of Obstruction of Justice and the Manifest Injustice of On-going and Continuing Violations on Behalf of Officials (Docket Entry No. 19) is **DENIED.**

**SIGNED** at Houston, Texas, on this the 8th day of June, 2011.

SIM LAKE
UNITED STATES DISTRICT JUDGE